UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7922 PA (ASx) | Date | October 17, 2014 |
|---|---|---|---|
| Title | Silvia Moran v. Infinity Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Infinity Insurance Company ("Infinity"). Infinity asserts that this Court has jurisdiction over the action brought against it by plaintiff Silvia Moran ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Infinity must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    The Notice of Removal alleges that "Infinity is informed and believes that the named plaintiff, Silvia Esmeralda Moran, is and was at the commencement of the state court action and at the time of removal, a citizen and resident of the County of Los Angeles, State of California, as well as of the

Case 2:14-cv-07922-PA-AS Document 7 Filed 10/17/14 Page 2 of 3 Page ID #:94

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7922 PA (ASx) | Date | October 17, 2014 |
|---|---|---|---|
| Title | Silvia Moran v. Infinity Ins. Co., et al. | | |

United States (Complaint, ¶ 1, Exhibit A). There is no indication that plaintiff is or was a citizen of Indiana, the only fact that would destroy diversity of citizenship." (Notice of Removal ¶ 10.) The Complaint, on which the Notice of Removal relies, only alleges Plaintiff's residence. Because residence is not the same as citizenship, the Notice of Removal's allegations, alleged on information and belief, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Infinity's allegations are insufficient to invoke this Court's diversity jurisdiction.

Infinity has additionally failed to establish the Court's diversity jurisdiction as a result of the Complaint's claim for declaratory relief against defendant Pablo Aguedo. Although the Notice of Removal appears to acknowledge that Mr. Aguedo and Plaintiff are not diverse for purposes of diversity jurisdiction, Infinity seeks to have Mr. Aguedo's citizenship disregarded as a result of his having been fraudulently joined in this action. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

The Notice of Removal asserts that Plaintiff's claim against Aguedo is a sham because "Plaintiff previously sued Mr. Aguedo and obtained a judgment against him. Plaintiff cannot sue Mr. Aguedo twice over the same alleged auto accident." (Notice of Removal ¶ 11.) Contrary to Infinity's assertions concerning fraudulent joinder, Plaintiff's Complaint does not appear to be suing Aguedo twice for the same injury. Instead, Plaintiff asserts a claim for declaratory relief against Aguedo seeking to resolve an

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7922 PA (ASx) | Date | October 17, 2014 |
|---|---|---|---|
| Title | Silvia Moran v. Infinity Ins. Co., et al. | | |

alleged dispute concerning their respective rights concerning an assignment of rights Aguedo allegedly gave to Plaintiff. Specifically, the Complaint alleges: "An actual controversy has arisen and now exists between Plaintiff and Aguedo as to their respective rights and duties under the assignment . . . ." (Compl. ¶ 32.) At least on this record, the Complaint does not foreclose the possibility of Plaintiff succeeding on her declaratory relief claim against Aguedo. Nor has Infinity satisfied its burden to establish that Plaintiff would not be granted leave to amend to cure any purported deficiency.

Because Infinity has failed to meet its heavy burden of showing that Aguedo was fraudulently joined, Infinity has not met its burden to establish this Court's diversity jurisdiction. Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC556587, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.